FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RUSSELL EUGENE GILMORE,
*Defendant-Appellant.*

No. 17-10142

D.C. No.
2:13-cr-00300-
GEB-2

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RICHARD DAVID HEMSLEY,
*Defendant-Appellant.*

No. 17-10149

D.C. No.
2:13-cr-00300-
GEB-3

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted March 16, 2018
San Francisco, California

Filed April 5, 2018

Before:  Richard A. Paez and Sandra S. Ikuta, Circuit Judges, and Lynn S. Adelman,* District Judge.

Opinion by Judge Adelman

---

## SUMMARY**

---

### Criminal Law

The panel affirmed the district court's denial of a motion to enjoin the government's prosecution of two defendants charged with conspiracy to manufacture marijuana plants and manufacture of marijuana plants.

The panel held that a congressional prohibition on the Department of Justice's use of appropriated funds to prevent states from implementing state laws that authorize the use, distribution, possession, or cultivation of medical marijuana does not limit the government's ability to enforce federal drug laws on federal land.

---

* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sean Riordan (argued) and Ann C. McClintock, Assistant Federal Defenders; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Sacramento, California, for Defendant-Appellant Russell Eugene Gilmore.

Sandra Gillies (argued), Woodland, California, for Defendant-Appellant Richard David Hemsley.

Gregory T. Broderick (argued) and Samuel Wong, Assistant United States Attorneys; Camil A. Skipper, Appellate Chief; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

**OPINION**

ADELMAN, District Judge:

Congress has barred the Department of Justice from using appropriated funds "to prevent [certain States, including California] from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *See* Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014) (hereafter "§ 538"); Consolidated Appropriations Act, 2018, § 538 (2018) (extending § 538 through September 30, 2018). In *United States v. McIntosh*, 833 F.3d 1163, 1177 (9th Cir. 2016), we held that defendants may seek to enjoin the expenditure of such funds on federal drug trafficking prosecutions of individuals who engaged in conduct

authorized by state medical marijuana laws and who fully complied with such laws.

In this case, the district court refused to issue an injunction because the subject marijuana grow operation occurred on federal land under the control of the Bureau of Land Management ("BLM"). We affirm. The restrictions imposed by § 538 do not apply to marijuana cultivation on federal land.

## I.

In September 2012, local authorities obtained a search warrant for a property in El Dorado County, California, based on a tip from hunters and confirmed by aerial surveillance, that marijuana was being cultivated there. On executing the warrant, officers found 118 marijuana plants on the property and detained three men—Russell Gilmore, Richard Hemsley, and John Mahan—near the grow site. Mahan told a detective that he rented the property with the intent to cultivate medical marijuana, that he hired Hemsley as a marijuana grower, and that he hired Gilmore as a security guard to protect the crop. The authorities determined from a parcel map that the marijuana garden was located on federal land, which was later confirmed by a BLM survey.

The government obtained a two-count indictment charging Gilmore, Hemsley, and Mahan with conspiracy to manufacture marijuana plants and manufacture of marijuana plants. *See* 21 U.S.C. §§ 841(a)(1), 846. Mahan pleaded guilty to the conspiracy count in November 2015, but Gilmore and Hemsley went to trial in April 2016. The jury failed to reach a unanimous verdict, so the district court declared a mistrial.

After we decided *McIntosh*, Gilmore and Hemsley moved to enjoin the prosecution pursuant to § 538. The district court denied the motion, precipitating this interlocutory appeal. *See McIntosh*, 833 F.3d at 1172. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

## II.

Section 538 does not limit the government's ability to enforce federal drug laws on federal land. Rather, as we noted in *McIntosh*, the provision applies narrowly, to those specific rules of state law that "authorize the use, distribution, possession or cultivation of medical marijuana." *McIntosh*, 833 F.3d at 1178. Nothing in California law purports to authorize the cultivation of marijuana on federal land. Even if state law tolerated marijuana cultivation on public land, federal law forbids such use. *See* 43 U.S.C. § 1733(g). And enforcing that prohibition does not "prevent" California from otherwise implementing its medical marijuana regime. *See McIntosh*, 833 F.3d at 1178 ("Congress could easily have drafted § [538] to prohibit interference with laws that address medical marijuana or those that regulate medical marijuana, but it did not. Instead, it chose to proscribe preventing states from implementing laws that authorize the use, distribution, possession, and cultivation of medical marijuana.").

Gilmore and Hemsley argue that they substantially complied with California law, despite their inadvertent presence on federal land. Because § 538 does not apply to offenses committed on federal land, state law defenses are irrelevant. It is also irrelevant whether they knew the garden was on federal land; the government is not required to prove such knowledge to convict under 21 U.S.C. §§ 841 and 846. *See United States v. Vasarajs*, 908 F.2d 443, 447 n.7 (9th Cir. 1990) ("Generally, a criminal defendant's mistake of

fact can only be a valid defense if it negates the existence of a requisite mens rea component of the crime charged and if the crime allows for the interposition of such a defense.").[1]

**AFFIRMED.**

---

[1] The parties argue over the burden of proof applicable at a *McIntosh* hearing, but because § 538 does not apply in this case, we leave that issue for another day.